UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

PIOTR DACKO, MAREK ZOLOPA, STEPAN YANKOVYCH, and PAWEL CZABA,

                          Plaintiffs,

v.

EMEK RENOVATION CORP., and EMIL KRAJEWSKI,

                          Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
24-CV-4018 (MKB)(PK)

MARGO K. BRODIE, United States District Judge:

       Plaintiffs Piotr Dacko, Marek Zolopa, Stepan Yankovych, and Pawel Czaba commenced the above-captioned action on June 4, 2024 against Defendants Emek Renovation Corp. and Emil Krajewski, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law, N.Y. Lab. Law §§ 193, 195, and 650 *et seq.* ("NYLL"), and 12 N.Y. Codes, Rules, and Regulations ("NYCRR") § 142 *et seq.* (Compl., Docket Entry No. 1.) Defendants failed to respond to the Complaint, and on October 16, 2024, Plaintiffs sought a notice of default from the Clerk of Court, (Pls.' Req. for Certificate of Default, Docket Entry No. 17), and on October 18, 2024, the Clerk of Court noticed default, (Clerk's Entry of Default, Docket Entry No. 19). On December 17, 2024, Plaintiffs moved for default judgment against Defendants. (Pls.' Mot. for Default J., Docket Entry No. 22.) On December 18, 2024, the Court referred Plaintiffs' motion for default judgment to Magistrate Judge Peggy Kuo for a report and recommendation. (Order dated Dec. 18, 2024.)

       By report and recommendation dated September 30, 2025, Judge Kuo recommended that the Court grant in part and deny in part Plaintiffs' motion (the "R&R"). (R&R 1, 23, Docket

Entry No. 32.) For the reasons discussed below, the Court adopts the R&R and grants in part and denies in part Plaintiffs' motion for default judgment.

## I. Background

### a. Procedural background

On June 4, 2024, Plaintiffs filed the Complaint, alleging causes of action for overtime violations under the FLSA and NYLL, unpaid wage violations under the NYLL, failure to provide wage statements under the NYLL, and failure to provide hiring notices under the NYLL. (Compl. ¶¶ 52–82.) On July 30, 2024, Plaintiffs filed affidavits of service for the summons and Complaint in this action. (Summons Returned Executed as to Emek Renovation Corp. and Emil Krajewski, Docket Entry No. 13.) Defendants failed to answer or otherwise respond to the Complaint.

On October 16, 2024, Plaintiffs sought a notice of default from the Clerk of Court. (Pls.' Req. for Certificate of Default.) On October 18, 2024, the Clerk of Court noticed default against Defendants. (Clerk's Entry of Default.) On December 16, 2024, Plaintiffs filed a sum certain default judgment motion pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, seeking, among other things, default judgment and attorneys' fees and costs. (Pls.' Req. for Sum Certain Default J., Docket Entry No. 21.) On December 17, 2024, the Court directed Plaintiffs to refile their motion because Local Civil Rule 55.2(b) provides that a motion made pursuant to Rule 55(b)(1) must "not seek attorneys' fees and other substantive relief." (Notice dated Dec. 17, 2024; Order dated Dec. 17, 2024.)

On December 17, 2024, Plaintiffs refiled their motion for a default judgment against Defendants. (Pls.' Mot. for Default J.) On May 22, 2025, Judge Kuo directed Plaintiffs to supplement the motion with a memorandum of law and a proposed order in compliance with Local Civil Rule 55.2(a)(2), an "an affidavit or declaration showing that the party seeking default

2

judgment has complied with the Servicemembers Civil Relief Act, 50a U.S.C. § 521" in compliance with Local Civil Rule 55.2(a)(1)(B), and to file a damages chart. (Order dated May 22, 2025.) On June 30, 2025, Plaintiffs supplemented the motion. (Pls.' Mem. in Supp. of Pls.' Mot. for Default J., appended to Pls.' Mot. for Default J., Docket Entry No. 24-1; Pls.' Proposed J., appended to Pls.' Mot. for Default J., Docket Entry No. 24-2; Pls.' Damages Chart, appended to Pls.' Mot. for Default J., Docket Entry No. 24-3.) Plaintiffs failed to file a declaration in compliance with Local Civil Rule 55.2(a)(1)(B) and a declaration that "the party against whom judgment is sought is not known to be a minor or an incompetent person" in compliance with Local Civil Rule 55.2(a)(1)(C), and on September 4, 2025, Judge Kuo directed Plaintiffs to supplement the motion in compliance with Local Civil Rule 55.2(a)(1)(B) and (C), and also directed Plaintiffs to clarify their affirmations by identifying the dates on which they worked but were not paid their regular wages. (Order dated Sep. 4, 2025.)

On September 15, 2025, Plaintiffs further supplemented the default motion. (Pls.' Decl. Pursuant to Local Civil Rule 55.2, Docket Entry No. 26; Pls.' Suppl. Affs. in Supp. of Pls.' Mot. for Default J., Docket Entry No. 27.) Plaintiffs failed to file a declaration that complied with Local Civil Rule 55.2(a)(1)(B) or (C), and the supplemental affidavits of Czaba and Yankovych appeared to contradict their initial affirmations regarding the dates on which they worked but were not paid regular wages and overtime premium. (Czaba Aff. in Supp. of Pls.' Mot. for Default J. ("Czaba Aff.") ¶¶ 22–25, Docket Entry No. 24; Czaba Supp. Aff. in Supp. of Pls.' Mot. for Default J. ("Czaba Supp. Aff.") ¶¶ 4–5, Docket Entry No. 27; Yankovych Aff. in Supp.

3

of Pls.' Mot. for Default J. ¶¶ 21–23, Docket Entry No. 24; Yankovych Supp. Aff. in Supp. of Pls.' Mot. for Default J. ¶¶ 4–5, Docket Entry No. 27.)[1]

On September 15, 2025, Judge Kuo directed Plaintiffs to file a declaration in compliance with Local Civil Rule 55.2(a)(1)(B) and (C), and also directed Czaba and Yankovych to confirm the dates on which they worked but Defendants failed to pay them "regular wages and overtime premium and file any corrected affidavits." (Order dated Sep. 15, 2025.) On September 17, 2025, Plaintiffs filed a declaration in compliance with Local Civil Rule 55.2(a)(1)(B) and (C), (Pls.' Supp. Decl. Pursuant to Local Civil Rule 55.2, Docket Entry No. 30), and Czaba and Yankovych filed revised supplemental affidavits that corrected the dates at issue. (Czaba Rev. Supp. Aff. in Supp. of Pls.' Mot. for Default J. ("Czaba Rev. Supp. Aff.") ¶¶ 4–5, Docket Entry No. 29; Yankovych Rev. Supp. Aff. in Supp. of Pls.' Mot. for Default J. ¶¶ 4–5, Docket Entry No. 29.)

Defendants have neither answered nor responded to Plaintiffs' motion for default judgment.

b. **R&R**

In the R&R, Judge Kuo recommended that the Court grant in part and deny in part Plaintiffs' motion for default judgment. (R&R 1, 23.) First, Judge Kuo recommended that the Court find Defendants liable for Plaintiffs' overtime claims under the FLSA and NYLL and regular wage claim under the NYLL and award Plaintiffs damages: (1) as to Dacko, $16,800 in unpaid overtime wages, $5,600 in unpaid regular wages, $22,400 in liquidated damages, and pre-judgment interest at a daily rate of $5.52 from April 1, 2023 until the entry of judgment; (2) as to

---

[1] The claims in the Affirmations were unchanged between the initial motion for default judgment on December 17, 2024, (Pls.' Mot. for Default J.), and the refiled motion for default judgment on June 30, 2025, (Pls.' Mot. for Default J., Docket Entry No. 24).

Zolopa, $4,875 in unpaid overtime wages, $4,000 in unpaid regular wages, $8,875 in liquidated damages, and pre-judgment interest at a daily rate of $2.19 from October 16, 2023 until the entry of judgment; (3) as to Yankovych, $580 in unpaid overtime wages, $2,320 in unpaid regular wages, $2,900 in liquidated damages, and pre-judgment interest at a daily rate of $0.72 from March 16, 2024 until the entry of judgment; (4) as to Czaba, $25,875 in unpaid overtime wages, $2,800 in unpaid regular wages, $28,675 in liquidated damages, and pre-judgment interest at a daily rate of $7.07 from December 31, 2022 until the entry of judgment;[2] (5) post-judgment interest at the rate set forth in 28 U.S.C. § 1961; (6) an increase of fifteen percent of any unpaid amount of the judgment under the NYLL still pending after ninety days following the entry of judgment, per NYLL § 198(4); (7) attorneys' fees of $2,547; and (8) costs of $527. (*Id.* at 15–24.) Second, Judge Kuo recommended that the Court deny Plaintiffs' motion for default judgment as to Plaintiffs' wage notice and wage statement claims under the NYLL. (*Id.* at 14–15, 24.)

No objections to the R&R have been filed and the time for doing so has passed.

---

[2] The Court acknowledges that Judge Kuo miscalculated the damages owed to Czaba, based on his initial affirmation identifying the time period and amount owed. In the initial affirmation, Czaba stated that Defendants owed him $2,800 in unpaid regular wages for a two-week period between September 1, 2021 and December 31, 2022, during which period Defendants paid him an hourly wage of $35. (Czaba Aff. ¶¶ 22–25; *see also* Czaba Supp. Aff. ¶¶ 4–5.) In his revised supplemental affidavit, Czaba amended his claim to state that Defendants owed him unpaid regular wages for the period between April 17, 2024 and May 1, 2024, during which period Defendants paid him an hourly wage of $40. (Czaba Rev. Supp. Aff. ¶¶ 4–5.) In the R&R, Judge Kuo granted Czaba unpaid regular wages based on the September 1, 2021 to December 31, 2022 period, (Czaba Aff. ¶¶ 22–25), during which period Defendants paid him an hourly wage of $35. (R&R 16–17.) Calculating Czaba's damages based on the corrected period, April 17, 2024 to May 1, 2024, (Czaba Rev. Supp. Aff. ¶¶ 4–5), during which period Defendants paid him an hourly wage of $40, it results in damages as follows: (1) $3,200 in unpaid regular wages ($40/hour x 80 hours); (2) $29,075 in liquidated damages (the sum of his unpaid regular and overtime wages); and (3) pre-judgment interest at a daily rate of $7.17 per day from December 31, 2022 until the entry of judgment.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision." (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988) (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party

6

fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and finds no clear error except as to Czaba's damages which the Court corrected above.[3]  As such, the Court adopts the R&R with the corrected damages pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court adopts the R&R as corrected and grants in part and denies in part Plaintiffs' motion for default judgment and awards Plaintiffs damages: (1) as to Dacko, $16,800 in unpaid overtime wages, $5,600 in unpaid regular wages, $22,400 in liquidated damages, and pre-judgment interest at a daily rate of $5.52 from April 1, 2023 until the entry of judgment; (2) as to Zolopa, $4,875 in unpaid overtime wages, $4,000 in unpaid regular wages, $8,875 in liquidated damages, and pre-judgment interest at a daily rate of $2.19 from October 16, 2023 until the entry of judgment; (3) as to Yankovych, $580 for unpaid overtime wages, $2,320 for unpaid regular wages, $2,900 in liquidated damages, and pre-judgment interest at a daily rate of $0.72 from March 16, 2024 until the entry of judgment; (4) as to Czaba, $25,875 in unpaid overtime wages, $3,200 in unpaid regular wages, $29,075 in liquidated damages, and pre-judgment interest at a daily rate of $7.17 from December 31, 2022 until the entry of judgment; (5) post-judgment interest at the rate set forth in 28 U.S.C. § 1961; (6) an increase of fifteen percent of any unpaid amount of the judgment under the NYLL still pending after ninety days following the entry of judgment; (7) attorneys' fees of $2,547; and (5) costs of $527.  The Court

---

[3] Czaba's corrected damages are as follows: (1) $3,200 in unpaid regular wages; (2) $29,075 in liquidated damages; and (3) pre-judgment interest at a daily rate of $7.17 from December 31, 2022 until the entry of judgment.

dismisses Plaintiffs' notice and wage statement claims for lack of standing.  The Clerk of Court is directed to enter judgment and close the case.

Dated: November 18, 2025
       Brooklyn, New York

                                     SO ORDERED:

                                     _____s/ MKB_____
                                     MARGO K. BRODIE
                                     United States District Judge